**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TARA LEWANNA ABDULLAH,<br>    Plaintiff,<br>              v.<br>PENNYMAC LOAN SERVICES, LLC,<br>    Defendant. | Civil Action No.<br>1:24-cv-05769-SDG |

### OPINION AND ORDER

On December 16, 2024, Plaintiff, acting *pro se*, initiated this action alleging violations of various constitutional rights and federal laws and seeking injunctive relief under Fed. R. Civ. P. 65.[1] Plaintiff was granted leave to proceed *in forma pauperis* (IFP) — that is, without the prepayment of court fees and costs.[2] In granting such leave, the magistrate judge directed that service of process not issue and that the action be submitted to undersigned for a frivolity review.[3]

Plaintiff asserts that Defendant proceeded with a foreclosure on her home while she had a pending bankruptcy case,[4] in apparent violation of the automatic bankruptcy stay. She requests that the Court enter an order directing Defendant to stop pursuing the petition for eviction and to dismiss a separate action pending

---

[1]   ECF 1.

[2]   ECFs 1, 2.

[3]   ECF 2.

[4]   ECF 3, at 9.

1

in this Court.[5] But Defendants have not been served. Since Plaintiff was granted IFP status, the Court must conduct a frivolity review pursuant to 28 U.S.C. § 1915 and conclude that the Complaint is not frivolous before it will direct the U.S. Marshals Service to effect service on Defendants. Fed. R. Civ. P. 4(c)(3).

A temporary restraining order may only be entered against an unserved party if

> 1. there are specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> 2. the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has failed to satisfy either of these criteria.

First, Plaintiff has not clearly identified how she will suffer immediate and irreparable injury if the Court declines to enter an injunction *before* Defendant can be served and heard in opposition. Plaintiff contends that the events giving rise to her claims took place on February 6, 2024. She has not explained what harm she now faces that has not been present for the last 12 months. Bare assertions without specific factual details—that she will suffer emotional stress; financial hardship;

---

5   *Id.* at 5 (identifying Case No. 1:24-cv-3627 (N.D. Ga.)). *See also id.* at 10 (seeking an order directing Defendant to "[c]ease all legal actions" in the 3627 case.

defamation; loss of the opportunity to become a homeowner; and potential homelessness—are not enough. Plaintiff was required to give enough factual detail about the nature of the alleged harms and how they affect her to show that she would very quickly suffer an irreparable loss without immediate judicial intervention. She has not done so.

Second, Rule 65 explicitly requires a party's *attorney* to certify any efforts made to give notice to the opposing party and the reasons why such notice should not be required. But pretermitting whether an unrepresented party may even seek temporary injunctive relief in light of this language, Plaintiff herself has not attempted to give Defendant notice, explained why an injunction must issue before such notice has been provided, or otherwise complied with Rule 65.

Accordingly, Plaintiff's request for injunctive relief [ECF 3] is **DENIED without prejudice**.

**SO ORDERED** this 16th day of January, 2025.

                                                                                    Steven D. Grimberg
                                                                                    United States District Judge